IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMAL WHITE,<br>    ID # 24B02412,<br>        Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:24-CV-2410-L-BW |
| | § | |
| WAYNE McCOLLUM DETENTION<br>CENTER, | §<br>§<br>§ | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Timothy Jamal White's correspondence, received on September 23, 2024, that has been construed as a civil complaint raising claims under 42 U.S.C. § 1983. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should summarily **DISMISS** White's construed complaint as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless White timely pays the full filing fee for this case.

### I. BACKGROUND

White, a prisoner in the Wayne McCollum Detention Center in Waxahachie, Texas, complains that the Ellis County Sheriff is allowing prisoners' legal mail to be opened and that various jail personnel are copying and tampering with his incoming and outgoing federal mail. (*See* Dkt. No. 3 at 1.) He appears to allege claims of

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

conspiracy, mail fraud, obstruction of justice, and interference with the administration of the courts premised on the handling of his mail. (*See id.* at 1-2.)

White has neither prepaid the full filing fee for this action nor filed an application seeking to proceed in forma pauperis. No process has been issued.

## II.  THREE STRIKES

Because White filed this action without prepayment of the requisite filing fee, it is subject to review under the Prison Litigation Reform Act ("PLRA"). Under the "three-strikes" provision of the PLRA, an inmate may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020).

For purposes of § 1915(g), White has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim. *See White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266 (N.D. Tex. Dec. 9, 2021), *rec. adopted*, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022) (dismissing claims against judge and non-jural entity and expressly counting dismissal as a strike); *White v. Ellis Cty. Commn'rs Ct.*, No. 3:19-CV-3017-M-BH, 2021 WL 2446200 (N.D. Tex. May 19, 2021); *rec. adopted*, 2021 WL 2435352 (N.D. Tex. June 15, 2021) (dismissing claims against county, sheriff, and jail personnel for failure to state a claim and expressly

counting dismissal as a strike); *White v. Edge*, No. 3:18-CV-860-B-BN, 2018 WL 2303804 (N.D. Tex. Apr. 25, 2018), *rec. adopted*, 2018 WL 2301842 (N.D. Tex. May 21, 2018) (dismissing claims against sheriff, mayor, and jail personnel after White's failure to file amended complaint alleging sufficient facts to allege a plausible claim for relief).

White therefore is barred under § 1915(g) from proceeding in this action without prepayment of the filing fee, unless he shows that he is in "imminent danger of serious physical injury" at the time he filed suit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). White makes no allegations suggesting that he is in imminent danger of serious physical injury. Accordingly, he must prepay the filing fee before he may proceed with this case.

### III.  RECOMMENDATION

The Court should summarily **DISMISS** White's construed complaint without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he pays the full $405 filing fee[2] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

---

[2] As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account; the $55 administrative fee will not be deducted. *Id*

**SO RECOMMENDED** on October 1, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).